Stanley Goff, Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

FULVIO F. CAJINA (Bar No. 289126)
LAW OFFICE OF FULVIO F. CAJINA
528 Grand Avenue
Oakland, CA 94610
Telephone: (510) 543-1912
Facsimile: (510) 225-2636
Email: fulvio@cajinalaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDJANAE YOUNG<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF ANTIOCH, OFFICERS DEVON WENGER, ERIK NILSEN AND DOES 1-50<br><br>        Defendants. | CASE NO.:<br><br><br>**COMPLAINT FOR DAMAGES**<br><br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff, demanding a jury trial, brings this action against Defendants CITY OF ANTIOCH; OFFICERS DEVON WENGER; ERIK NILSEN AND DOES 1-50, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1.  Plaintiff Claudjanae Young was at all times relevant to this complaint, living in the City of Antioch, which is located within the Northern District of California.

2.  Defendant City of ANTIOCH is a municipal corporation, duly organized and existing under the laws of the State of California and is the employer of the Chief of Police of the Antioch Police Department, and the to-be-identified individual officers who carried out the acts and omissions complained of herein.

3.  At all material times, the City of ANTIOCH was responsible for supervising, enacting, and enforcing ANTIOCH POLICE DEPARTMENT (APD) conduct, policies, and practices; the absence of needed policies and practices; and for the hiring, retention, supervision, and training of employees and agents of APD.

4.  Defendant DEVON WENGER, was employed as a police officer for the City of Antioch at the time of the incident in question. This Defendant is being sued in his individual capacity.

5.   Defendant ERIK NILSEN, was employed as a police officer for the City of Antioch at the time of the incident in question. This Defendant is being sued in his/her individual capacity.

6.  The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 50 inclusive, are unknown to the plaintiffs, who therefore sue said defendants by such fictitious names. Defendants DOES 1 through 50, and each of them, were responsible in some manner for the injuries and damages alleged herein. Plaintiffs are informed and believe and thereupon alleges that each of them is responsible for the injuries and damages alleged herein. These DOES 1-50 will be named as defendants in this action once their identities are ascertained, and they are being sued in their individual capacities.

7.  All defendants acted under the color of law as it pertains to this complaint.

2

## II. JURISDICTION AND VENUE

8.   This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the City of Antioch, which is located in the Northern District of California.

## III. STATEMENT OF FACTS

9.   On October 20, 2019, Plaintiff was inside the open garage of her home removing her minor child out of her car inside the garage.

10. Defendants Wenger and Nilsen arrived at the Plaintiff's residence, entered the garage without consent, an arrest warrant or search warrant and began grabbing at the Plaintiff.

11. As Defendants Wenger and Nilsen were grabbing at the Plaintiff, Wenger with assistance from Nilsen, took hold of the Plaintiff's arms, slammed her against a wall and then onto the ground, causing the Plaintiff's arm to break, which was indicated by a large popping sound that the Defendants heard.

12. Despite knowing that the Plaintiff was suffering a broken arm, Defendants placed the Plaintiff in handcuffs behind her back, causing her to suffer intense pain. Neither Defendants ever attempted to stop the Plaintiff from suffering pain, by having the handcuffs removed or having the Plaintiff handcuffed from the front.

13. Numerous DOE Antioch police officers and at least one supervising officer arrived and witnessed the Plaintiff handcuffed behind her back with a broken arm and none of these officers ever attempted to intervene in stopping the Plaintiff from suffering pain, by having the handcuffs removed or having the Plaintiff handcuffed from the front.

14. The Plaintiff was detained in handcuffs behind her back with a broken arm, causing her to suffer intense pain for approximately an hour.

3

15. It is alleged under good faith belief that there has been a years-long federal investigation of the Antioch Police Department that culminated in the disclosure of racist and hostile text messages sent by APD officers.

16. It is alleged under good faith belief that 17 APD officers sent these text messages, including the president of the Antioch police union, although nearly half of the 100-officer department was included in the text chains, **including Defendant Officer DEVON WENGER.**

17. It is alleged under good faith belief that these incendiary text messages, contained derogatory, racist, homophobic and sexually explicit language, in which APD officers brag about making up evidence and beating up suspects, referring to women as water buffalo, share photos of gorillas, freely use racial slurs and make light of the police killing of George Floyd in 2020.

18. It is alleged under good faith belief that in September 2020, two APD officers agreed by text to write a large number of traffic citations by targeting a specific racial group in a specific area.

19. It is alleged under good faith belief that a APD officer referred to Black people by a racist slur and said authorities should make them "eat s---." A female officer responded, "Yes that will be easy. And it will be a good time lol start off quick with the numbers."

## IV. CAUSES OF ACTION
### FIRST CLAIM
(**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 *Excessive Force*− As to Defendants**)

20. Plaintiffs incorporate herein by reference the preceding paragraphs 1-18 of this complaint as fully set forth herein.

21. That Defendants Wenger and Nilsen directly or as an integral participant acting under color of law, used unreasonable and excessive force on Plaintiff by intentionally slamming the Plaintiff against a wall and then onto the ground, causing her arm to break, which was indicated by a large popping sound that the Defendants heard.

4

22. That Defendants Wenger and Nilsen directly or as an integral participant acting under color of law, used unreasonable and excessive force on Plaintiff by intentionally placing the Plaintiff in handcuffs despite having notice that Plaintiff's suffered a broken arm, causing her intense pain. Neither Defendants ever attempted to stop the Plaintiff from suffering pain, by having the handcuffs removed or having the Plaintiff handcuffed from the front.

23. That (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to any of the defendants or bystanders; (iii) Plaintiff was not attempting to flee or evade arrest, (iv) other alternative methods were available to effectuate a seizure.

24. That Defendants DOE Antioch police officers failed to intervene to stop the excessive force stated above from being used on the Plaintiff. That (i) these Defendants were aware of the need to intervene to stop excessive force from being used on the Plaintiff. That (2) these Defendants had an opportunity to intervene but failed to do so.

### SECOND CLAIM

**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C § 1983 (Illegal Entry)**

25. Plaintiff incorporates herein by reference the preceding paragraphs 1-24 of this complaint as fully set forth herein.

26. That Defendants Wenger and Nilsen acting under color of law, knowingly violated the Fourth Amendment by deliberately and intentionally performing a warrantless non-consensual entry into the Plaintiff's residence.

27. That Defendants intentionally conducted a warrantless entry of the Plaintiff's home and illegally seized the Plaintiff out of her home without a warrant or consent.

28. That the entry did not fall under any of the warrantless exceptions to the Fourth Amendment.

29. That the Plaintiff never gave consent to the Defendants to enter her home.

5

30. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the defendants' actions.

31. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

## THIRD CLAIM

### (Violation of Fourteenth Amendment Rights 42 U.S.C § 1983 (Unlawful Detention)

32. Plaintiff incorporates herein by reference the preceding paragraphs 1-31 of this complaint as fully set forth herein.

33. That Defendants Wenger and Nilsen acting under color of law caused the Plaintiff to be detained in an unreasonable manner.

34. That Plaintiff was placed in handcuffs despite Defendants having notice that Plaintiff suffered a broken arm, causing her intense pain, causing her unnecessary pain and suffering for a prolonged period of time. Neither Defendants ever attempted to stop the Plaintiff from suffering pain, by having the handcuffs removed or having the Plaintiff handcuffed from the front.

35. The acts of Defendants constitute a violation of the Fourteenth Amendment to the Constitution of the United States.

36. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from the named Defendants Officers in an amount according to proof.

37. That Defendants DOE Antioch police officers failed to intervene to stop the unlawful detention of Plaintiff. That (i) these Defendants were aware of the need to intervene to stop excessive force from being used on the Plaintiff. That (2) these Defendants had an opportunity to intervene but failed to do so.

6

## MONELL CLAIM AGAINST CITY OF ANTIOCH

38. Plaintiff incorporates herein by reference the preceding paragraphs 1-37 of this complaint as fully set forth herein.

39. The City of Antioch has an "official recognized custom, policy, and practice" of: (i) employing officers known for abusing their authority and failing to follow police department policies; (ii) inadequately supervising and disciplining City police officers; (iii) failing to adequately train officers and to institute appropriate policies regarding the use of excessive force, unlawful detention and unlawful entry; (iv) and "targeting citizens of African American descent " the use of excessive force, unlawful detention and unlawful entry ; (v) failing to adequately discipline City police officers for such misconduct; (vi) failing to otherwise address "discrimination by police officers against its African American citizens, which Plaintiff is a member of this racial class.

40. That there has been a years-long federal investigation of the Antioch Police Department that culminated in the disclosure of racist and hostile text messages sent by APD officers.

41. That 17 APD officers sent these text messages, including the president of the Antioch police union, although nearly half of the 100-officer department was included in the text chains, **including Defendant Officer DEVON WENGER.**

42. That the incendiary text messages, contain derogatory, racist, homophobic and sexually explicit language, in which APD officers brag about making up evidence and beating up suspects, referring to women as water buffalo, share photos of gorillas, freely use racial slurs and make light of the police killing of George Floyd in 2020.

43. That in September 2020, two APD officers agreed by text to write a large number of traffic citations by targeting a specific racial group in a specific area.

44. A male officer referred to Black people by a racist slur and said authorities should make them "eat s---." A female officer responded, "Yes that will be easy. And it will be a good time lol start off quick with the numbers."

45. That such customs, policies and practices of the City of Antioch regarding the use of excessive force and racial profiling amounts to deliberate indifference to the rights of persons

with whom the APD officers comes into contact with, such as the Plaintiffs.

46. Defendants further failed to ensure that any training provided was adequate to apprise officers not to engage in the use of excessive force, racial profiling, unlawful detentions and false arrests. Such failure amounts to deliberate indifference to the rights of persons with whom the APD officers come into contact, such as the Plaintiffs.

47. As a direct and proximate result of defendants' wrongful acts, Plaintiff suffered damages, including but not limited to, bodily injury, physical pain, emotional distress, and deprivation of constitutional rights, according to proof at the time of trial.

48. Plaintiff is informed and believes, and thereon alleges, that defendants' acts alleged herein were done with malice, fraud, and oppression, and in reckless disregard of plaintiff's constitutional rights, justifying an award of punitive damages.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;

2. For general damages according to proof;

3. For punitive damages against all individual defendants according to proof;

4. The prejudgment interest at the legal rate according to proof;

5. For costs and reasonable attorneys' fees as provided by law; and

6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: May 30, 2023        _____*/s/ Stanley Goff*_____
                STANLEY GOFF
                Attorney for Plaintiff

8