UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDJANAE YOUNG, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DEVON WENGER, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-02691-SI<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 56 |

Now before the Court is defendants' motion for judgment on the pleadings, arguing that plaintiff China Young's claims are barred on statute of limitations grounds. The Court held a hearing on September 20, 2024. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff China Young brings this civil rights action against City of Antioch police officers Devon Wenger and Erik Nilsen, as well as the City of Antioch and Does 1-50. The first amended complaint alleges that plaintiff was at the home of her sister, co-plaintiff Claudjanae Young, at the time of the incident. Dkt. No. 9 ("FAC") ¶¶ 10, 16. For the purposes of deciding today's motion, the Court takes as true the factual allegations in the FAC.

On October 20, 2019, Claudjanae Young was "inside the open garage of her home." *Id.* ¶ 10. She alleges defendants Wenger and Nilsen arrived at the home, entered the garage, and "began grabbing at the Plaintiff." *Id.* ¶ 11. While in the garage, defendant "Wenger, with assistance from Nilsen, took hold of the Plaintiff's arms, slammed her against a wall and then onto the ground, causing Plaintiff's arm to break." *Id.* ¶ 12. Claudjanae Young was detained in handcuffs and was placed sitting down on the ground. *Id.* ¶ 15.

1    China Young then came out of the house and began attempting to film how her sister was being treated. *Id.* ¶ 16. Wenger "rushed toward" China Young and "began grabbing at her and slammed her back and the back of her head into a parked car[.]" *Id.* ¶ 17.

On May 31, 2023, Claudjanae Young filed this action in federal court based on federal question jurisdiction. Dkt. No. 1 ¶ 8. On August 21, 2023, plaintiffs filed the First Amended Complaint, adding the claims of China Young.[1] FAC, Dkt. No. 9. China Young states two causes of action against Wenger and Nilsen under 42 U.S.C. § 1983, for violation of her Fourth Amendment rights, including excessive force and illegal entry.[2]

Wenger and Nilsen now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that China Young's claims were untimely and that applicable tolling does not save her claims. Dkt. No. 56, Mot. at 4. The City of Antioch has filed a notice of joinder to the motion. Dkt. No. 59. In addition to an opposition brief, plaintiff requested and was granted leave to file a short supplemental brief in response to defendants' reply brief. *See* Dkt. No. 68. Defendants then requested and received leave to file a short supplemental brief in response to plaintiff's supplement. *See* Dkt. No. 69-1.

**LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move to dismiss a suit "[a]fter the pleadings are closed . . . but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The court must accept "all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)). "A judgment on the pleadings is

---

[1] Claudjanae Young asserts three claims under 42 U.S.C. § 1983 for violation of her Fourth Amendment rights, including: excessive force, illegal entry, and unlawful detention. There is also a *Monell* claim against the City of Antioch, brought by "Plaintiff," presumably Claudjanae Young.

[2] China Young's excessive force claim also names defendants Doe Antioch police officers.

2

1   properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to
2   judgment as a matter of law." *Lyon v. Chase Nat'l Bank, USA, N.A.*, 656 F.3d 877, 883 (9th Cir.
3   2011) (quoting *Dunlap v. Credit Protection Ass'n, L.P.*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005)).

**DISCUSSION**

The parties do not dispute that the applicable statute of limitations period is two years, and that China Young filed her complaint outside of that two-year period. The incident occurred on October 20, 2019, and plaintiff filed her complaint on August 21, 2023.[3] However, the parties dispute whether tolling saves plaintiff's claims and whether or not overlapping tolling periods run consecutively or concurrently.

Plaintiff contends both statutory and equitable tolling apply, including:

- From October 20, 2019, to October 23, 2019, under Cal. Gov't Code § 352.1 due to her incarceration (3 days);

- From October 23, 2019, to November 17, 2019, under Cal. Gov't Code § 853.6 due to her misdemeanor arrest (25 days);

- From April 6, 2020, until October 1, 2020, under the Judicial Council of California's pandemic-related Emergency Rule 9 (178 days);[4]

- From June 4, 2020, to December 22, 2021, under Cal. Gov't Code § 945.3 due to pending criminal proceedings (566 days);[5] and

- From February 11, 2021, to sometime in April or July 2021 due to incapacity (49 or more days).

Dkt. No. 64, Opp'n at 3–11. Plaintiff also contends that any overlapping tolling periods run consecutively, meaning each period is separately "tacked onto" the end of the limitations period. Dkt. No. 68, Pl.'s Supp. Br. at 1.

---

[3] References to "plaintiff" in this order are to plaintiff China Young.

[4] Cal. Rules of Court, App'x 1: Emergency Rules Related to COVID-19, Emergency Rule 9, *available at*: https://www.courts.ca.gov/documents/appendix-i.pdf.

[5] Defendants have submitted documentation showing that China Young was charged on June 25, 2020, not June 4. The Court need not resolve this factual dispute at this time.

3

Section 1983 actions borrow the statute of limitations period from personal injury torts in the forum state. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). California has a two-year statute of limitations for personal injury torts. Cal. Civ. Proc. Code § 335.1. In addition, "[b]ecause we borrow California's statute of limitations, 'we also apply California's tolling rules that are not inconsistent with federal law.'" *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (citing *Morales v. City of Los Angeles*, 214 F.3d 1151, 1151 (9th Cir. 2000)).

### I.     Equitable Tolling and Incapacity

In plaintiff's opposition brief, plaintiff asserts she is entitled to "equitable tolling arising from incapacity." Opp'n at 10. She asserts her period of incapacity began on February 11, 2021, and concluded at an unspecified date three to five months later.[6] *Id.* at 11. In her brief, plaintiff explains that she sustained serious injuries in a fatal car accident. On February 11, 2021, plaintiff was a passenger in a car that her friend was driving. Dkt. No. 64-1, Young Decl. ¶ 2. Plaintiff's friend lost control of the vehicle, and both were thrown from the car when it crashed. *Id.* ¶¶ 2, 8. Unfortunately, plaintiff's friend passed away. *Id.* ¶ 5. Plaintiff suffered multiple fractures and a traumatic brain injury, underwent multiple surgeries, was on powerful pain medications, and "[f]or several months . . . was not in a mental or physical condition to take care of [herself]." *Id.* ¶¶ 7-9. During this period, plaintiff's family took care of plaintiff by paying her bills, bathing her, buying her groceries, and cleaning her home, among other things. *Id.* ¶ 10.

Plaintiff seeks statutory tolling under California Code of Civil Procedure § 352(a) and equitable tolling under federal case law. Opp'n at 10. She first argues she is entitled to tolling under California Code of Civil Procedure § 352(a) because she was incapacitated for several months following the February 11, 2021 car crash. Under this provision, a person who "**at the time the**

---

[6] Plaintiff's opposition brief variably claims incapacity for five months ("between February 11, 2021, and July 2021") and three months ("Plaintiff suffered physical and mental incapacity for months, following her injury (i.e., between February 11, 2021, and April 2021"). Opp'n at 2, 11. Plaintiff's declaration states she "was not in a mental or physical condition to take care of [herself]" for "several months" and that she does not "remember much of what happened between February 11, 2021, and late April 2021." Dkt. No. 64-1, Young Decl. ¶ 9. The difference between being incapacitated through April 2021 and July 2021 does not change the Court's ruling.

**cause of action accrued** . . . lack[s] the legal capacity to make decisions" is entitled to tolling during the period of incapacity. Cal. Civ. Proc. Code § 352(a) (emphasis added). Here, although plaintiff may have lacked capacity to make decisions between February 11, 2021, and April or July 2021, she does not allege incapacity on the date her claim accrued, October 20, 2019. She is therefore not entitled to tolling under Code of Civil Procedure § 352(a). *See* Cal. Civ. Proc. Code § 357 ("No person can avail himself of a disability, unless it existed when his right of action accrued."); *see also Rose v. Petaluma & S.R. Ry. Co.*, 64 Cal. App. 213, 217 (1923) ("When a right of action has accrued and there are parties competent to sue and be sued at that time, the period of limitations begins to run, and it will continue to run notwithstanding any subsequent disability."), *disapproved on other grounds by Harris v. Indus. Acc. Comm'n of Cal.*, 204 Cal. 432 (1928).

Plaintiff then argues she is entitled to equitable tolling under federal law, citing *Stoll v. Runyon*, 165 F.3d 1238 (9th Cir. 1999). Opp'n at 10. The Ninth Circuit has applied equitable tolling "when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll*, 165 F.3d at 1242 (citation omitted). In *Stoll*, the Ninth Circuit equitably tolled the Title VII sexual harassment claim of a plaintiff where not doing so would have benefited the defendant, whose "own admittedly outrageous acts left Stoll so broken and damaged that she [could] not protect her own rights." *Id.* The court also considered the "overwhelming evidence that [Stoll] was completely psychiatrically disabled during the relevant limitation period" and that "her mental illness, caused by the [defendant's] wrongful conduct, precluded her from exercising an agency relationship with the attorney who handled her EEOC case." *Id.* Here, even taking all of the statements in plaintiff's declaration as true, there is no conduct attributable to defendants that prevented plaintiff from filing her claim or from exercising a relationship with her attorney. Indeed, the attorneys now representing her filed the original complaint in this case on behalf of her sister in May 2023, roughly two years after plaintiff states she was restored to capacity. The Court declines to extend *Stoll* under the facts presented here.[7]

---

[7] Plaintiff does not specifically argue that she is entitled to equitable tolling under California law. Even if she did, that doctrine would be unavailable. California's equitable tolling doctrine

5

In sum, the Court finds plaintiff is not entitled to equitable tolling or statutory tolling based on incapacity.

## II. Overlapping Tolling Periods

Plaintiff also seeks to tack each tolling period together consecutively, such that the statute of limitations is extended by the total of all of the days of tolling, even if some of those days overlapped. Pl.'s Supp. Br. at 2. Defendants argue that any overlapping tolling periods run concurrently. Dkt. No. 65, Reply at 2–3. Under plaintiff's calculation method, her claims would be timely. Under defendants' method, her claims would not.

In California, it is unsettled whether overlapping tolling periods run concurrently or consecutively. The situation most often arises in the prison context, where a prisoner serving a term of less than life is entitled to up to two years of tolling during the period of incarceration but who also must pursue mandatory administrative remedies before bringing a Section 1983 action in federal court. *See Martin v. Biaggini*, No. 12-CV-06287-JD, 2015 WL 1399240, at *1-2 (N.D. Cal. Mar. 26, 2015); *see also* Cal. Civ. Proc. Code § 352.1(a). Some courts have found that overlapping statutory and equitable tolling periods run concurrently, based on the "common sense explanation that when two or more reasons for tolling exist during the same period that those reasons will toll concurrently during the time they are both active, and are not tacked consecutively, one upon the other[.]" *Stevenson v. Holland*, No. 1:16-CV-01831-AWI-SKO, 2017 WL 2958731, at *6 (E.D. Cal. July 11, 2017) (internal quotation marks and citations omitted); *see also Martin*, 2015 WL 1399240, at *4 ("when there are multiple reasons for tolling, the tolling should be concurrent, not consecutive"); *Reyes v. Sotelo*, No. C 11-2747 YGR PR, 2012 WL 2993751, at *5 (N.D. Cal. July

---

"evolved from three lines of California cases . . . ." *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 724 (2020) (citation omitted). The doctrine may apply "when a plaintiff was already involved in one lawsuit, and filed a subsequent case that could lessen the damage or harm that would otherwise have to be remedied through a separate case." *Id.* (citation omitted). It may apply "where a plaintiff was required to pursue, and did indeed pursue, an administrative remedy before filing a civil action." *Id.* (citation omitted). Finally, "courts tolled the statute of limitations 'to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits.'" *Id.* (quoting *Addison v. State of Cal.*, 21 Cal. 3d 313, 319 (1978)). None of these situations apply here.

6

1   20, 2012) ("Tolling for Plaintiff's two concurrent disabilities (his incapacitating mental illness and

2   incarceration) cannot run consecutively to extend the limitations period") (citing *Rose*, 64 Cal. App.

3   at 217).

4       In contrast, other courts have held that overlapping statutory and equitable tolling periods run

5   consecutively, thereby further extending the statute of limitations period. These courts "have read

6   California law regarding equitable tolling to require tacking of additional time (beyond the statutory

7   tolling period) to the end of a limitations period when an equitable tolling event occurs during a

8   period of statutory tolling." *Stevenson*, 2017 WL 2958731, at *5. This reasoning is largely based

9   on language in *Lantzy v. Centex Homes*, where the California Supreme Court stated:

> [T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded. As a consequence, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred.

31 Cal. 4th 363, 370–71 (2003). However, "*Lantzy* did not consider a situation in which a limitations period is already tolled when an event with independent power to toll occurs." *Martin*, 2015 WL 1399240, at *3. While consecutive tolling is often applied while a prisoner plaintiff pursues administrative remedies, that is not the situation at hand here. *See, e.g., Harris v. Quillen*, No. 1:17-CV-01370-DAD-SAB (PC), 2021 WL 5085223, at *6 (E.D. Cal. Mar. 5, 2021), *report and recommendation adopted*, 2021 WL 4206157 (E.D. Cal. Sept. 16, 2021); *Carranza v. Lewis*, No. 15-cv-00682-YGR (PR), 2017 WL 1050538, at *18 (N.D. Cal. 2017); *Lira v. Dir. of Corr.*, No. C 00-905 SI, 2007 WL 1976136, at *1 (N.D. Cal. July 3, 2007).

    Under the facts presented here, the Court agrees with the line of cases finding that consecutive overlapping tolling periods should run concurrently. The Court emphasizes that this is not a case in which the Court is asked whether equitable tolling and statutory tolling should be tacked one after another. The Court has already found above that equitable tolling does not apply, and no mandatory administrative exhaustion process applies to China Young's claims. Plaintiff relies heavily on *Lantzy*'s discussion that an equitably tolled interval is "tacked onto the end of the limitations period." *See Lantzy*, 31 Cal. 4th at 370–71. But plaintiff skims over the previous

sentence of the opinion: ". . . the effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded." *See id.* at 370. This is consistent with the California Supreme Court's long-standing definition that "Tolling may be analogized to a clock that is stopped and then restarted. Whatever period of time that remained when the clock is stopped is available when the clock is restarted, that is, when the tolling period has ended." *Pearson Dental Supplies, Inc. v. Superior Ct.*, 48 Cal. 4th 665, 674 (2010) (quoting *Woods v. Young*, 53 Cal. 3d 315, 326 n.3 (1991)).

  Here, plaintiff would have the Court take each of the separate tolling periods she is claiming and add them all together, regardless of when they occurred. The most critical of these are the overlapping periods of tolling under Emergency Rule 9 and the pendency of plaintiff's criminal charges under California Government Code § 945.3.[8] Emergency Rule 9 tolled the statute of limitations from April 6, 2020, until October 1, 2020, for a total of 178 days. Plaintiff's criminal charges were pending from June 4 or 25, 2020, until December 22, 2021, for a total of 566 or 545 days. Plaintiff therefore would add 178 days under Emergency Rule 9 to 566 days of statutory tolling under Government Code § 945.3, even though the dates of those two periods overlapped for nearly four months. Plaintiff has cited no case where overlapping statutory tolling periods, rather than some combination of statutory and equitable tolling, were tacked consecutively.

  At the hearing, plaintiff cited *Parham v. City of West Covina* in support of her position. *See* Dkt. No. 73, Pl.'s Notice of Relevant Case; Dkt. No. 74, Def.'s Resp. However, *Parham* did not involve multiple <u>overlapping</u> tolling periods. The plaintiff in *Parham* invoked statutory tolling under California Government Code § 945.3 while his criminal charges were pending from October 11, 2018, until November 22, 2019. *Parham v. City of West Covina*, No. 2:21-cv-09114-FLA (GJSx), Dkt. 26 at 6 (C.D. Cal. Nov. 10, 2022). After that tolling had ended and the clock on his limitations period resumed, he then sought to apply tolling under Emergency Rule 9, beginning April 6, 2020. *Id.* at 7. The *Parham* court found the plaintiff could invoke these two doctrines and denied a motion to dismiss on statute of limitations grounds. *Id.* at 4–8. *Parham* does not stand for

---

[8] Because it is not necessary to the outcome of this motion, the Court assumes without deciding that Emergency Rule 9 applies to plaintiff's federal claims.

the principle plaintiff seeks to apply here, which is essentially to double-count the roughly four-month period when her criminal charges and Emergency Rule 9 overlapped. Therefore, *Parham* does not support plaintiff's contention that Emergency Rule 9 tolling in this case should be counted consecutively.

For these reasons, the Court adopts the calculations presented in defendants' reply brief. Though defendants dispute the applicability of some of the claimed tolling, such as Emergency Rule 9 and California Penal Code § 853.6, even granting plaintiff all of these periods would not save her claim where certain dates overlap. Giving plaintiff the benefit of the claimed tolling following her arrest and release on misdemeanor charges, but not giving her an additional three to five months for incapacity, results in the following calculation: 731 days under the original two-year statute of limitations,[9] 3 days for her incarceration following arrest, 25 days following her release on misdemeanor charges, and 626 days between when the statute of limitations was tolled under Emergency Rule 9 on April 6, 2020, until her criminal charges were resolved on December 22, 2021. In total, plaintiff's 654 days of tolling added to the 731 days under the statute of limitations, gave her 1,385 days from the time her action accrued on October 20, 2019, to file her action. Plaintiff's deadline to file was August 5, 2023. Her suit, filed August 21, 2023, was therefore untimely.

## CONCLUSION

For the foregoing reasons, the Court finds plaintiff China Young's claims are barred by the statute of limitations and hereby GRANTS defendants' motion for judgment on the pleadings.

**IT IS SO ORDERED**.

Dated: September 24, 2024

SUSAN ILLSTON
United States District Judge

---

[9] 2020 was a leap year.