UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDJANAE YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>DEVON WENGER, et al.,<br><br>Defendants. | Case No. 23-cv-02691-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 84 |

Plaintiff China Young has filed a motion for reconsideration of the Court's September 24, 2024 Order granting defendants' motion for judgment on the pleadings and finding plaintiff's claims untimely. Defendants oppose, and plaintiff has filed a reply brief. As discussed at the last case management conference, Dkt. No. 83, and after having considered all of the papers on file, the Court finds this matter appropriate for resolution without oral argument, pursuant to Civil Local Rule 7-1(b).

In the motion, plaintiff's counsel argues that he recently discovered that plaintiff filed a Government Tort Claim form when she was represented by prior counsel. Plaintiff argues she is entitled to an additional 45 days of tolling, starting from when the Government Tort Claim form was filed on April 20, 2020.

The Court DENIES the motion because it does not meet the standard for reconsideration. Civil Local Rule 7-9 prohibits the repetition of argument made by the applying party in a motion for leave to file a motion for reconsideration. Civ. L.R. 7-9(c). The Court has already rejected plaintiff's argument that all of the tolling periods should be added consecutively, even where the tolling periods overlap. *See* Dkt. No. 76 at 7-8. The filing of a Government Tort Claim form on April 20, 2020, overlaps entirely with the tolling period the Court already counted under the Judicial

Council of California's pandemic-related Emergency Rule 9, which tolled the applicable statute of limitations from April 6, 2020, until October 1, 2020. *See id.* at 3, 7-8.

For this reason, plaintiff's motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: November 22, 2024

SUSAN ILLSTON
United States District Judge